

Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

## SEALED BY ORDER OF THE COURT
### United States District Court

**for the**

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 30 2006

at ___3___ o'clock and __40__ min.__ M
SUE BEITIA, CLERK

U.S.A. vs.  VERONIKA KAPELI, aka Katisha Wallace,        Docket No.  CR 03-00457HG-01
            Veronica Wallace, and Veronica Johnson

### REQUEST FOR COURSE OF ACTION
#### (Statement of Alleged Violations of Supervised Release)

COMES NOW LISA K.T. JICHA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Veronika Kapeli who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 10th day of February 2005, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2) That the defendant pay restitution of $2,039.35 to Public Works, Transportation Department, Naval Station, Pearl Harbor, Hawaii, and $11,964.84 to USAA Insurance, for a total of $14,004.19, immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of her Supervised Release (Probation Form 7A attached) as follows:

1. That the offender failed to pay restitution in accordance with the Collection Policy of the U.S. Probation Office in February 2006 and March 2006, in violation of Special Condition No. 2.

2. That the offender failed to follow the instructions of the Probation Officer issued on 3/9/2006 and 4/28/2006, in violation of Standard Condition No. 3.



Prob 12C
(Rev. 1/06 D/HI)

2

3.  That the offender failed to provide a truthful Monthly Supervision Report for the month of March 2006, in violation of Standard Condition No. 2.

4.  That in or about April 2006, the offender failed to notify the Probation Office 10 days prior to a change in residence, in violation of Standard Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL WARRANT and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[  ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    5/23/2006

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

3

===

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 23rd day of May, 2006, and ordered filed and made a part of the records in the above case.


HELEN GILLMOR
Chief U.S. District Judge

Re:    **KAPELI, Veronika, aka Katisha Wallace,**
       **Veronica Wallace, and Veronica Johnson**
       **Criminal No. CR 03-00457HG-01**
       **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The offender pled guilty to Count 1 - Aggravated Assault of an Officer and Count 2 - Malicious Damage to United States Property. On 2/10/2005, she was sentenced to 30 months of imprisonment, as to each of Counts 1 and 2 of the Indictment, all such terms to be served concurrently, and 3 years of supervised release with the special conditions noted in the petition.

At this time, the offender has been on supervised release for approximately 6 months. At the onset of her supervised release term, the offender initially appeared to make an effort to adjust to supervision by working part-time for Macy's, making her first payment toward restitution in January 2006, and residing in a stable home environment with her aunt and uncle. Nonetheless, within 3 months of her release, the offender began incurring violations that included failing to pay restitution, failing to follow instructions, failing to provide a truthful Monthly Supervision Report, and failing to report a change in residence. It is noted that 5 months into her term of supervised release, on 4/18/2006, the offender contacted this officer requesting to know if joining the reserves would satisfy her term of supervised release. The offender was advised that it would not and that furthermore, she should inquire with the reserves as to whether or not she is even eligible to join the reserves with her current status and term of supervised release. Since on or about 5/15/2006, the offender has not contacted the Probation Office and efforts to locate and contact her have been unsuccessful. The violations are as follows:

**Violation No. 1 - Failure to Pay Restitution According to the Collection Policy**:

On 11/18/2005 and on 11/29/2005, the offender was oriented to the supervision conditions which included the terms of the Collection Policy of the U.S. Probation Office. During the orientation, the offender was instructed that when she earned a net income of less than $1,200, she was required to pay 10 percent of her monthly gross income, and when her monthly net income amounted to $1,200 or more, she was required to pay 25 percent of her income toward restitution. Each month, the offender was required to make a restitution payment of either 10 percent of her gross income or 25 percent of her net income, based on the income from the previous month.

From approximately December 2005 through February 2006, the offender was employed by Macy's at Ala Moana and earned a monthly gross income of between $400 to $850. From approximately February 2006 through April 2006, the offender was employed full-time by Fidelity National Title Insurance Company; however, her gross income is unknown because she has failed to submit pay statements for the months of March 2006 and April 2006 for Fidelity National Title Insurance Company.

Re:    **KAPELI, Veronika, aka Katisha Wallace,**
       **Veronica Wallace, and Veronica Johnson**
       **Criminal No. CR 03-00457HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

In February 2006, the offender's restitution payment amount due was $79.37. However, she made no payment and failed to submit her Macy's pay statements in a timely manner.  On 3/9/2006, the offender reported to the Probation Office as directed and submitted the pay statements for Macy's.  When questioned about the missed payment for February 2006, the offender stated that she had to pay rent to her aunt.  When questioned about her failure to turn in the Macy's pay statements in a timely manner, the offender stated that she thought she only had to submit one pay statement per month.  The offender was reminded that she was instructed to make restitution payments according to the Collection Policy and also instructed to continue submitting all of her pay statements each month.  This officer walked the offender through the steps on calculating income on pay statements and restitution payment amounts due each month according to the Collection Policy.  The offender was then provided with a record of payments table to assist her with future calculations.  The offender was instructed to make a restitution payment by 3/15/2006 and she stated that she would make a payment by 3/10/2006.

In March 2006, the offender's restitution payment amount due was $85.46. However, despite the instruction to make a payment and her verbal commitment to make a payment by 3/10/2006, no payment was made.  On 4/27/2006, the offender was instructed to report to the Probation Office and to make a restitution payment immediately.  On 4/28/2006, the offender reported to the Probation Office as directed with a receipt for a $60 payment toward her restitution balance.  When questioned about the non-payment in March 2006, the offender reported that she had to pay rent money to her aunt.  When questioned as to the March 2006 Monthly Supervision Report (which was received by our office on 4/5/2006) indicating that she made a $100 restitution payment in the month of March 2006, the offender had no reasonable explanation.  The offender was verbally admonished for failing to follow instructions, failing to provide a truthful Monthly Supervision Report, and failing to make payments toward her restitution balance in the months of February 2006 and March 2006.  The offender was issued a Behavioral Contract and instructed to physically hand-carry her restitution payment into the U.S. District Court Clerk's Office every payday and hand-carry the receipt to the Probation Office.  The offender reported that she is paid every other Friday and she would receive her next paycheck on 5/12/2006.

### Violation No. 2 - Failure to Follow the Probation Officer's Instructions as Follows:

### Failure to Follow Instructions Issued on 3/9/2006:

As indicated in Violation No. 1, on 3/9/2006, the offender was instructed to make a restitution payment by 3/15/2006.  However, the offender failed to make any payment in the month of March 2006.

Re:    **KAPELI, Veronika, aka Katisha Wallace,**
       **Veronica Wallace, and Veronica Johnson**
       **Criminal No. CR 03-00457HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**

As indicated in Violation No. 1, on 3/9/2006, the offender was instructed to submit all pay statements with her Monthly Supervision Report.  However, the offender has failed to submit any pay statements for Fidelity National Title Insurance Company for the months of March 2006 and April 2006.

**Failure to Follow Instructions Issued on 4/28/2006**:

As indicated in Violation No. 1, on 4/28/2006, the offender was instructed to submit all pay statements with her Monthly Supervision Report.  However, the offender failed to submit any pay statements for Fidelity National Title Insurance Company for the month of April 2006.

As indicated in Violation No. 1, on 4/28/2006, the offender was instructed to physically hand-carry her restitution payment into the U.S. District Court Clerk's Office every payday and hand-carry the receipt to the Probation Office.  The offender reported that she is paid every other Friday and she would receive her next paycheck on 5/12/2006.  It is noted that although the offender indicated that her last day at Fidelity National Title Insurance Company was on 4/28/2006, she should have received her last paycheck on 5/12/2006.  Nonetheless, the offender failed to make a restitution payment.

**Violation No. 3 - Failure to Provide Truthful Monthly Supervision Report:**

As indicated in Violation No. 1, the offender wrote on her March 2006 Monthly Supervision Report (which was received by our office on 4/5/2006) that she made a $100 payment in the month of March 2006.  However, in actuality, she made no payment for the month of March 2006.

**Violation No. 4 - Failure to Report a Change in Residence 10 Days Prior**:

On 5/15/2006, after receiving the offender's Monthly Supervision Report indicating that she was laid off on 4/28/2006 by Fidelity National Title Insurance Company, this officer attempted to contact the offender to schedule a conference at the Probation Office.  Upon contacting the offender's residence, the offender's uncle informed that she was no longer living there and had moved from this residence approximately 1 month prior.  This officer then attempted to reach the offender on her cellular phone and received her voice message.  A message was left for the offender instructing her to report to the Probation Office on 5/17/2006 and instructing her to return this officer's phone call.  However, the offender has not contacted this officer and she has not reported to the Probation Office.  It is noted that the offender has responded to this officer's voice messages to the same cellular telephone number in the past and it is the offender's voice mail greeting on which she identifies herself.

Re:    **KAPELI, Veronika, aka Katisha Wallace,**
       **Veronica Wallace, and Veronica Johnson**
       **Criminal No. CR 03-00457HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**


        The offender's whereabouts are unknown.  The violations are indicative of the
offender's lack of motivation and unwillingness to comply with the conditions of supervised
release.  It is recommended that the Court issue a No Bail warrant for her appearance to
show cause why supervised release should not be revoked.

                                        Respectfully submitted by,


                                        LISA K.T. JICHA
                                        U.S. Probation Officer


Approved by:



GENE DeMELLO, JR.
Supervising U.S. Probation Officer

LKTJ/pts

Re:     **KAPELI, Veronika, aka Katisha Wallace,**
        **Veronica Wallace, and Veronica Johnson**
        **Criminal No. CR 03-00457HG-01**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 5**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

        There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF HAWAII

To:       Veronika Kapeli                          Docket No.  CR 03-00457HG-01
Address:

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor,  U.S. District Judge for the District of Hawaii.  The defendant's term of supervision is for a period of THREE (3) YEARS commencing upon release from confinement (11/28/05).

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

The defendant shall not commit another federal, state, or local crime.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment.  In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)     The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)     The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)     The defendant shall support his or her dependents and meet other family responsibilities;

(5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          11-18-05
                    VERONIKA KAPELI                    Date
                    Defendant

_____          11.18.05
                    LISA K.T. JICHA                    Date
                    U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:     KAPELI, Veronika
        Docket No. CR 03-00457HG-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1.      That the defendant provide the Probation Office and the Financial Litigation Unit of the
        U.S. Attorney's Office access to any requested financial information to include submitting to
        periodic debtor's examinations as directed by the Probation Office.

2.      That the defendant pay restitution of $2,039.35 to Public Works, Transportation Department,
        Naval Station, Pearl Harbor, Hawaii, and $11,964.84 to USAA Insurance, for a total of
        $14,004.19, immediately and any remaining balance upon release from confinement be paid
        during the period of supervision on an installment basis according to the collection policy of
        the Probation Office but at a rate of not less than 10 percent of her monthly gross income.
        Interest is waived while the defendant is serving her term of imprisonment and shall
        commence to accrue on any remaining balance upon her release from supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a
copy of them.

(Signed) _____          _____
              VERONIKA KAPELI                      Date
                  Defendant

        _____          _____
              LISA K.T. JICHA                      Date
           U.S. Probation Officer